UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGENE E. ESCH,

        Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

        Defendant.

CASE NO.   C07-5681JKA

ORDER AFFIRMING ADMINISTRATIVE DECISION

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

    Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ's decision is not supported by substantial evidence when he found Ms. Esch does not have a reaching limitation; and (2) the ALJ abused his discretion by finding Ms. Esch is capable of performing her past relevant work. After reviewing the record, the court finds and orders as follows:

    1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

    2. The ALJ properly reviewed and considered the medical evidence.  The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

In this case, Plaintiff argues that the ALJ failed to properly consider the opinions of Dr. Kemple, Dr. Smith, and Dr. Lowenstein.  After reviewing the ALJ's decision and the administrative record, the undersigned finds no error in the ALJ's evaluation of Ms. Esch's impairments and the medical evidence.  The ALJ properly found Plaintiff suffered from fibromyalgia and ankylosing spondylitis (Tr. 27).  However, relying on Dr. Khan, a treating physician, and Dr. Lowenstein, the ALJ concluded Ms. Esch retained the ability to perform sedentary work, including her past work as a bookkeeper.

With respect to Dr. Kemple, who stated Ms. Esch Plaintiff is limited in her arm movement, the ALJ properly discounted his opinion.  The ALJ wrote:

> While Kip L. Kemple, M.D., opined in October 2002 that the claimant could only perform several hours per day of sedentary activity, I do not find this opinion persuasive, as the opinion is inconsistent with the objective evidence, which indicated minimal findings, as discussed above. Ex. 4F. 63. Further, the most recent notes indicate improved shoulder and neck symptoms upon physical therapy, and there is no indication that she was taking any prescription pain medications for such alleged pain. See e.g., Ex. 13F [Dr. Khan's treating notes]. Thus, I find Dr. Kemple's extremity limitations unsupported.

Tr. 26.

Like Dr. Kemple, Dr. Lowenstein, also noted limitations due to pain in her knee, back, neck, and shoulder areas, but she also reported, "Ms. Esch demonstrated the ability to work full-time in the Sedentary/Light range of physical demands as defined by The Oregon Workers Compensation Division rules. She demonstrates limitations in lifting, carrying, overhead and shoulder height reaching, crawling and squatting." (TR. 229). Dr. Smith also reported Ms. Esch was capable of working despite some limits in computer use due to pain in her neck and shoulders (Tr. 224).

Here, the ALJ was presented with conflicting evidence regarding the degree of limitation caused by Ms. Esch's severe impairments. The ALJ properly relied on the opinions of Dr. Khan and Dr. Lowenstein to conclude Ms. Esch is capable of performing sedentary work. Dr. Khan's examination and treatment of Plaintiff properly supports the ALJ's findings.

3. The court does not find any error in the ALJ's conclusion that Ms. Esch is capable of performing her past relevant work as a bookkeeper. Plaintiff's argument that the ALJ erred in this regard is premised on the argument that the ALJ failed to consider and include greater limitations in her ability to use her hands and arms. As discussed above, the ALJ properly relied on Dr. Khan's opinion and records which do not support a significant limitation in this aspect. Accordingly, the undersigned finds not error in the ALJ's conclusion that Plaintiff remains capable of perform sedentary work, including her past relevant work as a bookkeeper.

4. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 14th day of May, 2008.

> */s/ J. Kelley Arnold*
> J. Kelley Arnold
> U.S. Magistrate Judge